UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-267 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Adrion Kelley, *also known as Adon*, | |
| Defendant. | |

The Court held a hearing on Mr. Kelley's dispositive and non-dispositive pretrial motions on December 7, 2023, during which the Court received testimony and ordered additional briefing on Mr. Kelley's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF No. No. 25) and Amended Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF No. 35). The Court took the Government's Motion for Discovery (ECF No. 16) and Mr. Kelley's Motion to Dismiss Indictment ("Motion to Dismiss") (ECF No. 24) under advisement based on the written submissions. This matter is now before the Court on those motions. For the reasons given below, the Court grants the Government's Motion for Discovery and recommends denying Mr. Kelley's Motion to Dismiss.

    **I.**    **The Government's Motion for Discovery (ECF No. 16)**

The Government seeks discovery and disclosure as required by Rules 12.1, 12.2, 12.3, 16(b) and 26.2 of the Federal Rules of Criminal Procedure. The Court previously entered an Order regarding discovery (ECF No. 14) and the Government's motion does not raise any new issues, so this motion is repetitive and unnecessary. However, the Government's motion is **GRANTED**

insofar as Mr. Kelley shall provide discovery to the extent required by the Court's previous Order (ECF No. 14).

## II. Defendant's Motion to Dismiss (ECF No. 24)

Mr. Kelley seeks to dismiss both Counts I and II of the Indictment (ECF No. 12), arguing that the statutes supporting these counts are facially unconstitutional under the Second Amendment[1] in view of the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) (ECF No. 24 at 1). Count I charges Mr. Kelley with being a felon in possession of a firearm in violation of 18 U.S.C §§ 922(g)(1) and 924(a)(8) (ECF No. 12 at 1–2). Count II charges him with unlawful possession of a machine gun, specifically, possessing a firearm with an "auto-sear" device that makes semi-automatic weapons fully automatic, in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2) (*id.* at 2). For the reasons given below, the Court recommends denying the Motion to Dismiss.

### A. Landmark Second Amendment Precedents

The Second Amendment states: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." In *District of Colombia v. Heller*, 554 U.S. 570, 602–03 (2008), the Supreme Court held that this language conferred a limited individual right to keep and bear arms "for defensive purposes" within the home. Though *Heller* did

---

[1] Mr. Kelley states that he is also bringing an as-applied challenge to both counts of the Indictment (ECF No. 24 at 1), but he does not raise any particularized arguments as to why or how sections 922(g)(1) or 922(o) do not constitutionally apply to him based on the specific facts of this case. The Court thus construes his Motion to Dismiss as raising only facial challenges, without prejudice to his ability to raise an as-applied challenge post-trial, if necessary. In any event, to the extent the facts underlying any possible as-applied challenge are intertwined with the merits of his case, the Court would defer ruling on that challenge until after trial. *See* Fed. R. Crim. P. 12(b)(1) (prohibiting ruling on pretrial motions unless "'the court can determine [the defense, objection, or request] without a trial on the merits"); *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (explaining that "a decision [on an as-applied challenge] should be deferred if disposing of the pretrial motion requires making factual determinations that 'fall[] within the province of the ultimate fact finder'") (quoting *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994)).

not undertake an in-depth historical analysis of the permissible limitations on the right to keep and bear arms, it noted that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626–27.  Throughout the opinion, the Court emphasized that its holding protected "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *E.g., id.* at 635.

*Heller* further recognized that the Second Amendment does not protect "weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." *Id.* at 624. This limitation is "fairly supported by the historical tradition of prohibiting the carrying of dangerous and unusual weapons." *Id.* at 624, 627 (internal quotations and citations omitted).  And in surveying Supreme Court precedents addressing the Second Amendment, *Heller* noted that to read the language from *United States v. Miller*, 307 U.S. 174 (1939), suggesting weapons that are "part of ordinary military equipment" are constitutional to mean that "only those weapons used in warfare are protected[,]" would lead to the "startling" conclusion that "restrictions on machineguns … might be unconstitutional[.]" *Heller*, 554 U.S. at 625.

More recently, in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022), the Supreme Court extended *Heller*'s holding by emphasizing the 'law-abiding citizen' element of *Heller*, and concluding that "ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense[.]"  In reaching its conclusion, *Bruen* stated that the test for determining the constitutionality of a regulation limiting the right to possess or carry a firearm requires courts to survey the historical record to consider whether "historical precedent from before, during, and even after the founding evinces a comparable tradition of regulation." *Id.* at 2132 (internal quotation and citation omitted).  To determine whether a regulation is sufficiently analogous, courts should focus on "how and why the regulations burden a law-abiding citizen's right to armed self-

3

defense." *Id.* at 2133 (citations omitted). "[W]hether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are central considerations" in this "analogical inquiry." *Id.* (internal citations and quotations omitted).

### B. Count I – 922(g)(1) Felon in Possession

Section 922(g)(1) dictates that it is unlawful for any person "who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. Mr. Kelley submits that a survey of the historical record compels the conclusion that felon-disarmament laws like sections 922(g)(1) violate the contours of the Second Amendment. But in providing and applying its historical test, *Bruen* expressly limited its holding to "law-abiding citizen[s]," citing this phrase in various forms more than ten times in the majority opinion alone. *See, e.g., id.* at 2131 ("The Second Amendment … 'surely elevates above all other interests the right of *law-abiding, responsible citizens* to use arms' for self-defense.") (emphasis added) (quoting *Heller*, 554 U.S. at 635); *id.* at 2134 ("It is undisputed that petitioners Koch and Nash—two ordinary, *law-abiding, adult citizens*—are part of 'the people' whom the Second Amendment protects.") (emphasis added); *id.* at 2156 ("New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms.") (emphasis added). Moreover, three of the six Justices who joined the majority opinion also wrote or joined concurring opinions emphasizing that *Bruen*'s extension of *Heller* was limited to law-abiding individuals. *See, e.g., id.* at 2159 ("I reiterate: All that we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home for self-defense[.]") (Alito, J., concurring); *id.* at 2161 (finding that "New York's law [was] inconsistent with the Second Amendment right to possess and carry handguns for self-defense" because the features of the law in effect denied the right to carry handguns for self-defense to many "ordinary, law-abiding citizens") (Kavanaugh, J.,

concurring and joined by Roberts, C.J.) (quoting *Bruen*, 142 S. Ct. at 2122) (citing *Heller*, 554 U.S. at 635; *McDonald v. Chicago*, 561 U.S. 742, 767 (2008)).

Mr. Kelley essentially asks the Court to apply the *Bruen* test while ignoring the explicit containment of its holding to "law abiding citizens[.]"  This the Court cannot do.  *See, e.g., United States v. Danielson*, 22-cr-299 (MJD/LIB), 2023 WL 5288049, at *4–5 (D. Minn. Aug. 17, 2023) (holding that Bruen merely extended *Heller* and that section 922(g)(3) is constitutional)*; United States v. Parker*, 22-cr-4072 (LTS/KEM), 2023 WL 3596453, at *2 (N.D. Iowa Apr. 25, 2023) (same); *United States v. Le*, 4:23-cr-14 (SHL/HCA), 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023) (same); *United States v. Ledvina*, No. 23-cr-36 (CJW/MAR), 2023 WL 5279470, at *6 (N.D. Iowa Aug. 16, 2023) (same); *United States v. Randall*, No. 4:22-cr-99(3) (SMR/HCA), 2023 WL 3171609, at *2 (S.D. Iowa Feb. 14, 2023) (same).

Furthermore, the Court is bound by the precedents of the Eighth Circuit.  In *United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023), decided after the Supreme Court's decision in *Bruen*, the Eighth Circuit held that section 922(g)(1) was constitutional because *Bruen* did not disturb *Heller*'s conclusion that the Second Amendment permits the "longstanding prohibitions on the possession of firearms by felons" (quoting *Heller*, 554 U.S. at 626).  Moreover, in applying *Bruen*'s test, *Jackson* held that section 922(g)(1) fell within the historical tradition of permitting disarmament of individuals who purportedly posed a threat "to orderly society and compliance with legal norms[.]" *Id.* at 503 (quoting *Range v. Att'y Gen. of the United States*, 53 F.4th 262, 281–82 (3d Cir. 2022), *reh'g en banc granted, opinion vacated sub nom. Range v. Att'y Gen. United States of Am.*, 56 F.4th 992 (3d Cir. 2023), *and on reh'g en banc sub nom. Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023)).  The Court is bound by both *Bruen* and *Jackson*, and recommends dismissing Mr. Kelley's facial challenge to Count I on these grounds.

## C. Count II – Section 922(o) Unlawful Machinegun Possession

Section 922(o) dictates that, subject to certain exceptions, "it shall be unlawful for any person to transfer or possess a machinegun." Mr. Kelley argues that a survey of the historical record compels the conclusion that prohibitions on machinegun possession such as section 922(o) violate the contours of the Second Amendment. But just as *Bruen* limited its holding to law-abiding citizens in line with *Heller*, it also reiterated *Heller*'s dictate that there is a historical tradition of prohibiting "the carrying of 'dangerous and unusual weapons[.]'" *Bruen*, 142 S. Ct. at 2143 (quoting *Heller*, 554 U.S. at 627). As *Bruen* further explained, this historical tradition allows for the prohibition of weapons that were not "in common use at the time" relevant to the case. *Id.* (quoting *Heller*, 554 U.S. at 627). In *United States v. Fincher*, decided after *Heller*, the Eighth Circuit determined that "[m]achine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use." 538 F.3d 868, 874 (8th Cir. 2008). This holding is perfectly consistent with both *Heller* and *Bruen*, and Mr. Kelley offers no evidence suggesting that machineguns have become a weapon of common use by *law-abiding* citizens since 2008. Indeed, most courts to address machinegun prohibitions post-*Bruen* have determined that such prohibitions are constitutional. *See, e.g.*, *United States v. Kazmende*, No. 1:22-cr-236 (SDG/CCB), 2023 WL 3872209, at *2–6 (N.D. Ga. May 17, 2023), *report and recommendation adopted*, 2023 WL 3867792 (N.D. Ga. June 7, 2023); *United States v. Simien*, 655 F. Supp. 3d 540, 552–53 (W.D. Tex. 2023), *reconsideration denied*, 2023 WL 3082358 (W.D. Tex. Apr. 25, 2023); *Cox v. United States*, CR11-00022 (RJB), 2023 WL 4203261, at *7–8 (D. Alaska June 27, 2023); *United States v. Roosevelt Wilson*, 2:23-cr-20081 (TLP)-1, 2023 WL 8288989, at *5 (W.D. Tenn. Nov. 7, 2023); *United States v. Delafose*, 2:23-cr-00185-01, 2023 WL 7368239, at *2 (W.D. La. Nov. 7, 2023).

The Court is bound by *Bruen* and *Fincher* and recommends denying Mr. Kelley's facial challenge to Count II on these grounds.

## ORDER

**IT IS HEREBY ORDERED THAT** the Government's Motion for Discovery (ECF No. [16]) is **GRANTED**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mr. Kelley's Motion to Dismiss Indictment (ECF No. [24]) be **DENIED**.

Dated: December 11, 2023            *s/ Dulce J. Foster*
                                    Dulce J. Foster
                                    United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).