UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-267 (DWF/DJF) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Adrion Kelley, | |
| Defendant. | |

## INTRODUCTION

Defendant Adrion Kelley moves to dismiss his indictment. (Doc. No. 24.) In a Report and Recommendation ("R&R"), Magistrate Judge Dulce J. Foster recommended denying the motion. (Doc. No. 40.) Kelley filed an objection to the R&R. (Doc. No. 44.) After an independent review of the record and objection, the Court adopts the Magistrate Judge's R&R.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

Kelley argues that 18 U.S.C. § 922(g)(1)—which prohibits felons from possessing firearms—and 18 U.S.C. § 922(o)—which prohibits the possession of machine guns—are

facially unconstitutional in violation of the Second Amendment.  The R&R correctly concluded that Kelley's facial challenge of § 922(g)(1) is foreclosed.  In *United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023), the Eighth Circuit "concluded that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant.  The longstanding prohibition on possession of firearms by felons is constitutional." *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023).  The Court is bound by this Eighth Circuit precedent.

Kelley's facial challenge of § 922(o) is similarly unavailing.  The Supreme Court noted in *Heller* that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008).  In *Bruen*, the Supreme Court reiterated that there is a "historical tradition of prohibiting the carrying of dangerous and unusual weapons." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 21 (2022) (internal quotations and citation omitted).  Relying on *Heller*, the Eighth Circuit concluded that "[m]achine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use." *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008).  As the Magistrate Judge noted in the R&R, the Eighth Circuit's holding in *Fincher* is consistent with both *Heller* and *Bruen*, and this Court remains bound by the precedent.

The Court therefore adopts the Magistrate Judge's R&R and denies Kelley's motion to dismiss the indictment.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Kelley's objection (Doc. No. [44]) to Magistrate Judge Dulce J. Foster's December 11, 2023, Report and Recommendation is **OVERRULED**.

2. Magistrate Judge Dulce J. Foster's December 11, 2023, Report and Recommendation (Doc. No. [40]) is **ADOPTED**.

3. Kelley's motion to dismiss the indictment (Doc. No. [24]) is **DENIED**.

Dated: January 24, 2024                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge